# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CEDRIC JONES, JR.,** ) | |
| **AIS #241066,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | **2:19-CV-1486-AMM-JHE** |
| **MOHAMMAD JENKINS,** ) | |
| ) | |
| **Defendant.** ) | |

## SPECIAL REPORT

COMES NOW the Defendant, Lt. Mohammad S. Jenkins, by and through undersigned counsel, and in accordance with this Honorable Court's Order, does hereby submit the following Special Report.

## PARTIES

1. Plaintiff, Cedric Jones, Jr. (Jones), is an Alabama Department of Corrections (ADOC) inmate. At all times pertinent to this Complaint, Jones was incarcerated at W.E. Donaldson Correctional Facility (Donaldson).

2. Defendant, Mohammed Jenkins (Lt. Jenkins), is employed by ADOC as a Correctional Lieutenant at Donaldson.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

The complaint attempts to state the following claims for relief:

On October 17, 2018, Lieutenant Mohammad Jenkins punched the plaintiff in his right eye "25 times" while the plaintiff was in handcuffs. (Doc. 1 at 5). Sergeant Randy Frazier witnessed Jenkins' alleged use of excessive force.  The plaintiff experienced severe pain and "drainage" from his eye for over a month.

(See Doc. 7, p. 2).

## DEFENDANT'S EXHIBITS

1. Exhibit A – Institutional Records;

2. Exhibit B – Redacted Medical Records; and

3. Exhibit C – Affidavit of Lt. Jenkins.

## DEFENDANT'S RESPONSE

1. It is in Donaldson's penological interest to maintain order in the facility.

2. Plaintiff has failed to allege facts sufficient to support an excessive force claim.

3. Defendant named in his individual capacity is immune by virtue of qualified immunity.

4. Defendant named in his official capacity is immune by virtue of sovereign immunity.

5. Defendant denies violating Plaintiff's constitutional rights.

6. Defendant denies each and every material allegation and demand strict proof thereof.

7. Plaintiff has failed to state a claim upon which relief can be granted.

8. Defendant asserts assumption of the risk.

9. Defendant asserts contributory negligence.

10. Defendant asserts duress.

11. Defendant asserts estoppel.

12. Defendant asserts fraud.

13. Defendant asserts illegality.

14. Defendant asserts injury by fellow servant.

15. Defendant asserts waiver.

16. Defendant requests, pursuant to Fed. R. Civ. P. 12(c), that this Court consider this Special Report as a Motion for Summary Judgment as the party has submitted an affidavit in support of his position and there are no material factual disputes.

## STATEMENT OF FACTS

On October 17, 2018 Lt. Jenkins, Sgt. Fraiser and Officer Jackson conducted a cell search of cell 6 of the D block. (Ex. A). Cell 6 housed inmates Jones and Devonte Collins (Collins). Id. When the correctional officers entered cell 6, Jones was non-compliant and resisted the search. Id. Lt. Jenkins subdued Jones with a

chemical spray.  Id.  The officers continued to search the cell and found a cellphone, and 8" knife and a silver sheet of paper with an illegal substance on Jones' bed.  Id.

Jones was escorted to the infirmary to be decontaminated and evaluated for injuries.  Id.  Jones was seen by medical professionals in the infirmary.  Id.  A body chart and pictures taken after the incident show the right side of his face was red and slightly swollen and his neck and left eye were red.  Id.  Jones gave no statement to the nurse that he was hit by Lt. Jenkins.  Id.  A nurse progress note indicates that Jones had bruising to his right eye on October 21, 2018.  (Ex. B, p. 73-75).  Later on November 11, 2018 Jones was seen by medical personnel and did not have any injuries.  Id. at 20.

Because Lt. Jenkins used chemical spray to subdue Jones, a use of force investigation was conducted.  (Ex. A).  On October 17, 2018, Captain Caldwell interviewed Lt. Jenkins, Sgt. Fraiser, Officer Jackson and Jones as part of his use of force investigation.  Id.  He concluded that the use of Cell Buster to subdue Jones was a justified use of force.  Id.  There was no evidence that any other force was used.  Id.

Lt. Jenkins denies hitting Jones in the face 25 times and the pictures taken at the infirmary support his assertion.  (Ex. A & C).

## DISCUSSION OF PLAINTIFF'S CLAIMS

### Sovereign Immunity

Plaintiff has sued the Defendant in his official capacity. The Defendant is a state official and is absolutely immune from suit for damages in his official capacity. Walker-El v. Naphcare Med. Servs., Inc., 432 F.Supp.2d 1264, 1268 (S.D. Ala. 2006) citing Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998).

### Qualified Immunity

"[Q]ualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002)). In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right." Dalrymple, 334 F.3d at 995 (citing Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If Plaintiff's allegations do not establish a constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533

U.S. at 201, 121 S.Ct. 2151.  Jones has failed to allege any facts supported by material evidence that would establish a constitutional violation.

### Eighth Amendment Claim against Lt. Jenkins

The U.S. Supreme Court in Hudson v. McMillian and Whitley v. Albers set the standards under which an Eighth Amendment excessive force claim must be analyzed.  In order to find that the correctional officers' use of force was unconstitutional, Plaintiff must prove:

1. That subjectively, defendants acted maliciously or sadistically to cause plaintiff harm, and

2. The plaintiff suffered injury that was objectively harmful enough to establish a constitutional violation.

Hudson v. McMillian, 503 U.S. 1, 8 (1992).

The Court considers five factors in making this determination:

1. the extent of the injury suffered;

2. the need for application of force;

3. the relation between the need for force and the amount of force actually used;

4. the threat reasonably perceived; and

5. any efforts to temper the severity of a forceful response.

Whitley v. Albers, 475 U.S. 312, 321 (1986).

## Subjective Component

In order to establish that the correctional officers acted with a sufficiently culpable state of mind, the Plaintiff must show that force was applied "maliciously and sadistically to cause harm," amounting to an "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 320 (1986). On the other hand, if "force was applied in a good faith effort to maintain or restore discipline," then the officers acted correctly and there was no constitutional violation. Hudson v. McMillian, 503 U.S. 1 (1992).

Applying the five Whitley factors to the facts, Jones cannot show that, subjectively, Lt. Jenkins acted maliciously or sadistically to cause him harm. The extent of the injury suffered by Jones was minimal. (Ex. A). Lt. Jenkins' need to use force was justified considering Jones was non-compliant and resisting the search. (Ex. A).

As for the amount of force actually used, the Investigative Report concludes that the use of force was justified. (Ex. A). The use of chemical spray was justified because Jones was a resisting the search and hiding a deadly weapon in the form an 8" knife. Id. See Danley v. Allen, 540 F.3d 1298, 1303 (11th Cir. 2008) ("[P]epper spray is an accepted non-lethal means of controlling unruly inmates . . . ."), overruled on other grounds as recognized by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

Because "force was applied in a good faith effort to maintain or restore discipline," Lt. Jenkins acted correctly and there is no constitutional violation. <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992). There is no need to analyze at the objective component set out in <u>Hudson</u>, above.

## CONCLUSION

Based on the foregoing, the Defendant Mohammad Jenkins respectfully requests that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendant.

          Respectfully submitted,

          STEVE MARSHALL
          ATTORNEY GENERAL

          /s/ J. MATT BLEDSOE
          J. MATT BLEDSOE (BLE006)
          Assistant Attorney General
          Counsel for Defendant

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130
334-242-7443 (T)
334-353-8400 (F)
Matt.Bledsoe@AlabamaAG.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on January 27, 2021, filed the foregoing with the Clerk of the Court, using the ECF filing system, and that I have further served a copy of the foregoing upon the following parties, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

>Cedric Jones, Jr., AIS #241066
>W.E. Donaldson Correctional Facility
>100 Warrior Lane
>Bessemer, AL 35023

     /s/ J. MATT BLEDSOE
     OF COUNSEL