IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA/SOUTHERN-DIV.

Cedric Jones, Jr.
　　Plaintiff,

v.

Mohammad Jenkins,
　　Defendant,

Case# 2:19-cv-1486-AMM-JHE

PLAINTIFFS" RESPONSE TO SPECIAL REPORT

COMES NOW, PLaintiff Cedric JOnes Jr., in accordance with this Hon. Courts' ORDER to file a RESPONSE to the Special Report of the Defendants and in support of the same, Plaintiff shows:

PLAINTIFFS' RESPONSE
1. PLaintiff's constitutional rights were violated
2. Plaintiff will prove his allegations to be true
3. PLaintiff asks that he be granted relief

PLAINTIFFS' EXHIBITS
Exhibit-A-5 of 45
Exhibit-B- 14 of 45
Exhibit-C 8 of 45

STATEMENT OF THE FACTS

On 10-17-18 after I had been taken out of D-6 and escorted to the West barbershop by DEfendant Jenkins and questioned about a phone and a folded-up piece of foil which Jenkins thought to be "Flakka". After Plaintiff told Jenkins that he did not know what Jenkins was talking about Jenkins took Plaintiff outside of the barbershop and as they were walking Jenkins began to spray PLaintiff with mace and

punched PLaintiff 25 times in the face/eye area....

## ARGUMENT

"UNDER COLOR OF STATE LAW" (See Monroe v. Pape, 365 U.S. 167 (1961) all the Defendants with the Alabama Dept. of Corrections are in violation of the ruling in Monroe v. Pape. Specifically they are in violation of the section of the case law which states:
""'government officials can be sued under §1983 was expanded in a case called: MOnell v. New York City Dept. of Soc. Services, 436 U.S.- 658 (1978)... In that case, the Supreme Court allowed for 1983 claims against municipal & city governments.

(1) "UPON INFORMATION & BELIEF" The claim of excessive force will be proven as a matter of law. In HUdson v. McMillan, and Whitley v. Albers set the standards under which an Eighth-Amendment excessive force claim must be analyzed. On October-17, 2018 the Plaintiff will show that the Defendant acted maliciously & sadistically towards him on said date and did cause the Plaintiff harm and in doing so PLaintiff did suffer injury that was objectively harmful enough to establish an eighth Amendment constitutional violation. The Eighth Amendment applies to the States through the Due Process Clause of the fourteenth Amendment and prohibits the infliction of "cruel and unusual punishment"--Estelle v. Gamble, 429 U.S. 97, 101 (1976). PLaintiff's 8th amendment right became violated after he waS taken out of D-6 and escorted to the West barbershop, while still handcuffed behind his back; all at the orders of Lt. Jenkins (Defendant).... Lt. Jenkins continued to ask this Plaintiff for the "pass code" to the phone and accused Plaintiff

> of possessing drugs which he never possessed....
> Because Lt. Jenkins was not receiving the type
> response he expected from Plaintiff---Jenkins then
> assumed to escort Plaintiff out of the barbershop where
> he began to punch and assault the PLaintiff; punching
> the Plaintiff 25-times.; mostly in his right eye.

The 8th Amendments' ban on cruel and unusual punishment applies to the "treatment a prisoner receives in prison and the conditions under which he is confined"--<u>Farmer</u>, 511 U.S. At 832; <u>Bass v. Perrin</u>, 170 F.3d 1312,1316 (11th Cir.1999). In <u>HUdson v. McMillan</u>, 503 U.S.1, 112 S.Ct. 995, 117 L.Ed.2d 156 the use of Force, (excessive physical force) against a prisoner may constitute cruel and unusual punishment even though the inmate does not suffer serious harm. It's no doubt Lt. Jenkins knew what guidelines to follow yet in the midst of a serious incident everything about his conduct became unlawful as he confronted the PLaintiff. The Plaintiff's rights were clearly violated. The contours of a right must be clearly established and sufficiently clear that a reasonable official would understand that what he is doing is wrong and violates that right--<u>Anderson v. Creighton</u>, 483 U.S.- 635, 640 (1987)... Sgt. Frasier did not assault the Plaintiff because he knew that the rules of ADOC & Federal Law prohibited that type conduct. If a Sgt. knew this then most definately a Lieutenant should have known this ! Yet, Lt. Jenkins was 'the' Shift Commander'...He was the supreme supervisor over an entire 'shift'; of course he knew better! Defendants' Exhibit-A will clearly defeat an assertion of qualified immunity, see. e.g., <u>Priester v. Riviera Beach</u>, 208 F.3d 919, 926 (Cali.2000) (stating that qualified immunity does not apply if

an officials conduct was so far beyond the hazy border between excessive and acceptable force that the official had to know he was violating the constitution even without case law on point (internal quotations marks omitted); SMith v. Mattox, 127 F.3d 1416, 1419 (Cali.1997) (noting that a PLaintiff can overcome an assertion of qualified immunity by demonstrating that the official's conduct lies so obviously at the very core of what the Constitution prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of caselaw; Lassiter v. Ala., A & M Univ.,  28 F.3d 1146,1150 N.4 (Cali 1994)--See "Exhibit-B" by Defendant-14 of 45, See Exhibit-C, 8 of 45.

In closing Plaintiff adds that Defendant Lt. Jenkins did not act in good faith on 10-17-18 and PLAINTIFF ASK THAT THIS Honorable Court analyze the objective component set out in Hudson v. McMillan, to clear all truths for that entire day so that Plaintiff may obtain the relief he seeks for the willful and malicious violation of his Constitutional rights.

## CONCLUSION

Based on the foregoing, the PLaintiff Cedric JOnes Jr., requests that this Honorable Court consider treating his Response to the Special Report as a Motion For Summary JUdgement and enter judgement in favor of the PLaintiff.

Respectfully Submitted,

Cedric Jones, Jr. 241066
Cedric Jones Jr. #241066
W.E. Donaldson C.F.
100 Warrior Lane
Bessemer, Al. 35023

CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Attorney General for Alabama, via., U.S. Mail, postage properly affixed, on this 19th day of March ,2021.


Cedric Jones Jr.

Attorney General of Alabama
501 Washington Ave.
Montgomery, Al. 36130